1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

WILLIAM M. VANHAITSMA,

Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security*,*

Defendant.

Case No. 2:21-cv-00482-CLB

**ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM**

[ECF Nos. 19, 20]

10        This case involves the judicial review of an administrative action by the

11 Commissioner of Social Security ("Commissioner") denying William M. Vanhaitsma's

12 ("Vanhaitsma") application for disability insurance benefits pursuant to Title II of the Social

13 Security Act. Currently pending before the Court is Vanhaitsma's motion for reversal

14 and/or remand, (ECF No. 19). Vanhaitsma seeks the reversal of the administrative

15 decision and remand for additional n award of benefits. (*Id.*) The Commissioner filed a

16 cross-motion to affirm, (ECF No. 20), and Vanhaitsma replied. (ECF No. 21.) Having

17 reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 15),

18 the Court concludes that the Commissioner's finding that Vanhaitsma does not have a

19 severe impairment or combination of impairments was supported by substantial evidence.

20 Therefore, the Court denies Vanhaitsma's motion for remand, (ECF No. 19), and grants

21 the Commissioner's cross-motion to affirm, (ECF No. 20).

22 **I.      STANDARDS OF REVIEW**

23      **A.      Judicial Standard of Review**

24        This court's review of administrative decisions in social security disability benefits

25 cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854

26

27   [1]    Kilolo Kijakazi is now the Acting Commissioner of Social Security and is
automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

28

1  (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of

2  the Commissioner of Social Security made after a hearing to which he was a party,

3  irrespective of the amount in controversy, may obtain a review of such decision by a civil

4  action . . . brought in the district court of the United States for the judicial district in which

5  the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record,

6  a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

7  Security, with or without remanding the cause for a rehearing." *Id.*

8        The court must affirm an Administrative Law Judge's ("ALJ") determination if it is

9  based on proper legal standards and the findings are supported by substantial evidence

10  in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see*

11  *also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact,

12  if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more

13  than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211,

14  1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such

15  relevant evidence as a reasonable mind might accept as adequate to support a

16  conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated*

17  *Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d

18  683, 686 (9th Cir. 2005).

19        To determine whether substantial evidence exists, the court must look at the

20  administrative record as a whole, weighing both the evidence that supports and

21  undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995)

22  (citation omitted). Under the substantial evidence test, a court must uphold the

23  Commissioner's findings if they are supported by inferences reasonably drawn from the

24  record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

25  "However, if evidence is susceptible of more than one rational interpretation, the decision

26  of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is

27  responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172

28  F.3d 1111, 1113 (9th Cir. 1999).

1    It is incumbent on the ALJ to make specific findings so that the court does not
2  speculate as to the basis of the findings when determining if substantial evidence supports
3  the Commissioner's decision. The ALJ's findings should be as comprehensive and
4  analytical as feasible and, where appropriate, should include a statement of subordinate
5  factual foundations on which the ultimate factual conclusions are based, so that a
6  reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d
7  1197, 1200 (9th Cir. 1990).

8    **B.    Standards Applicable to Disability Evaluation Process**

9    The individual seeking disability benefits bears the initial burden of proving
10  disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the
11  individual must demonstrate the "inability to engage in any substantial gainful activity by
12  reason of any medically determinable physical or mental impairment which can be
13  expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. §
14  423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in
15  support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes
16  an inability to perform their prior work, then the burden shifts to the Commissioner to show
17  that the individual can perform other substantial gainful work that exists in the national
18  economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

19    The first step requires the ALJ to determine whether the individual is currently
20  engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b).
21  SGA is defined as work activity that is both substantial and gainful; it involves doing
22  significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-
23  (b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not
24  disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to
25  the second step.

26    The second step addresses whether the individual has a medically determinable
27  impairment that is severe or a combination of impairments that significantly limits the
28  individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An

impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-

1    2p, 96-5p, 96-6p, and 06-3p.

2          After making the RFC determination, the ALJ must then turn to step four to

3    determine whether the individual has the RFC to perform their past relevant work. 20

4    C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the

5    individual actually performed it or as it is generally performed in the national economy

6    within the last 15 years or 15 years prior to the date that disability must be established. In

7    addition, the work must have lasted long enough for the individual to learn the job and

8    performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the

9    individual has the RFC to perform their past work, then a finding of not disabled is made.

10   If the individual is unable to perform any past relevant work or does not have any past

11   relevant work, then the analysis proceeds to the fifth and final step.

12         The fifth and final step requires the ALJ to determine whether the individual is able

13   to do any other work considering their RFC, age, education, and work experience. 20

14   C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding

15   of not disabled is made. Although the individual generally continues to bear the burden of

16   proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The

17   Commissioner is responsible for providing evidence that demonstrates that other work

18   exists in significant numbers in the national economy that the individual can do. *Lockwood*

19   *v. Comm'r, Soc. Sec. Admin*., 616 F.3d 1068, 1071 (9th Cir. 2010).

20   II.    CASE BACKGROUND

21         A.     Procedural History

22         Vanhaitsma applied for disability insurance benefits ("DIB") on December 11, 2018

23   with an alleged disability onset date of November 30, 2018. (AR 152-53.) Vanhaitsma's

24   application was denied initially on July 9, 2019, and upon reconsideration on December

25   9, 2019. (AR 72-79, 81-86.) On September 9, 2020, Vanhaitsma and his attorney

26   appeared at a telephonic hearing before an ALJ. (AR 26-46.) A vocational expert ("VE")

27   also appeared at the hearing. (*Id.*) The ALJ issued a written decision on October 29, 2020,

28   finding that Vanhaitsma was not disabled because he did not have any severe

1   impairments that significantly affected his ability work. (AR 12-20.) Vanhaitsma appealed,

2   and the Appeals Council denied review on January 28, 2021. (AR 1-6.) Accordingly, the

3   ALJ's decision became the final decision of the Commissioner. Having exhausted all

4   administrative remedies, Vanhaitsma filed a complaint for judicial review on March 24,

5   2021. (ECF No. 1.)

6           **B.     ALJ's Decision**

7           In the written decision, the ALJ followed the five-step sequential evaluation process

8   set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 12-20.) Ultimately, the ALJ disagreed

9   that Vanhaitsma has been disabled from November 30, 2018, the alleged onset date,

10  through the date of the decision. (AR 21.)

11          In making this determination, the ALJ first determined that Vanhaitsma meets the

12  insured status requirements of the Social Security Act through December 31, 2023. (AR

13  17.) The ALJ then went to step one of the five-step sequential evaluation, where the ALJ

14  found Vanhaitsma had not engaged in substantial gainful activity since the alleged onset

15  date of November 30, 2018. (*Id.*) At step two, the ALJ found Vanhaitsma had the following

16  medically determinable impairments: diabetes mellitus, hypertension with a remote history

17  of stent placement, lumbago, and obesity. (*Id.*) However, the ALJ found Vanhaitsma did

18  not have an impairment or combination of impairments that significantly limited (or is

19  expected to significantly limit) the ability to perform basic work-related activities for 12-

20  consecutive months; therefore, the ALJ found that Vanhaitsma does not have a severe

21  impairment or combination of impairments. (AR 17-21.)

22          Having found Vanhaitsma not disabled at step two, the ALJ did not proceed to the

23  remaining steps of the sequential evaluation. 20 C.F.R. § 404.1520(a)(4) ("If the [Agency]

24  can find that [the claimant is] disabled or not disabled at a step, the [Agency] make[s its]

25  determination or decision and …do[es] not go on to the next step."). Accordingly, the ALJ

26  held that Vanhaitsma had not been under a disability since the alleged onset date of

27  November 30, 2018, through the date of the decision, and denied Vanhaitsma's claim.

28  (AR 21.)

1    **III.    ISSUE**

2            Vanhaitsma seeks judicial review of the Commissioner's final decision denying DIB

3    under Title II of the Social Security Act. (ECF No. 19.) Vanhaitsma raises two issues for

4    this Court's review:

5            1.      Whether remand is required because the appointment of Andrew Saul as

6    Commissioner of the Social Security Administration violates separation of powers,

7    rendering the Decision in this case, by an ALJ who derived his authority from Mr. Saul,

8    constitutionally defective; and,

9            2.      Whether the ALJ committed a reversible and harmful error by ruling

10   Vanhaitsma had no severe medical impairments and denying his claim at step two of the

11   sequential evaluation.

12   (*Id.* at 5-10.)

13   **IV.    DISCUSSION**

14           **A.      Separation of Powers**

15           Vanhaitsma argues that the decision denying his disability benefits claim was

16   constitutionally defective because the Social Security Act provision that limits the

17   President's authority to remove the Presidentially-appointed, Senate-confirmed

18   Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the

19   separation of powers. (ECF No. 19 at 8-10.) The parties agree that 42 U.S.C. § 902(a)(3)

20   violates the separation of powers to the extent it is construed as limiting the President's

21   authority to remove the Commissioner without cause. (ECF No. 20 at 11 (citing Office of

22   Legal Counsel, U.S. Dep't of Justice, Constitutionality of the Commissioner of Social

23   Security's Tenure Protection, 2021 WL 2981542 (July 8, 2021) ("OLC Op.")).) However,

24   the Commissioner makes two primary arguments that Vanhaitsma's separation of powers

25   argument does not entitle him to relief. First, the Commissioner argues that because the

26   ALJ's appointment was ratified by then-Acting Commissioner of Social Security Berryhill,

27   who was not subject to an impermissible removal restriction, any harm stemming from the

28   U.S.C. § 902(a)(3)'s removal provision is tenuous at best. (ECF No. 20 at 11-21.) Second,

1    regardless of the ratification, Vanhaitsma cannot show he suffered harm as a result of the

2    unconstitutional removal provision. (*Id.*)

3           Vanhaitsma fails to make a showing of actual harm as anticipated by Supreme

4    Court and Ninth Circuit case law. *See, e.g., Collins v. Yellen*, 141 S.Ct. 1761, 1787-89

5    (2021); *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1138 ("there is no link between the

6    ALJ's decision awarding benefits and the allegedly unconstitutional removal provisions.

7    And nothing commands us to vacate the decisions below on that ground."). Then-Acting

8    Commissioner Berryhill ratified the ALJ appointment in July 2018, before the ALJ

9    adjudicated Plaintiff's claim in 2020. (ECF No. 20 at 13.) Vanhaitsma is therefore unable

10   to establish a causal connection between the unconstitutionality of Commissioner Saul's

11   tenure under 42 U.S.C. § 902(a)(3) and the adjudication of his claim by a properly

12   appointed administrative law judge. *Decker Coal*, 8 F.4th at 1137 (refusing to vacate the

13   adjudication of an ALJ whose appointment was ratified before the decision at issue "absent

14   a showing of harm."); *see also Alice A. v. Comm'r of Soc. Sec.*, Case No. C20-5756 RAJ,

15   2021 WL 5514434, at *7 (W.D. Wash. Nov. 24, 2021) ("Plaintiff has failed to show any

16   connection between the unconstitutional removal clause and the ALJ's decision denying

17   her benefits.").

18          Vanhaitsma presents no evidence that his rights were violated by any specific

19   action taken by the Commissioner or the ALJ at any point in the process. Vanhaitsma

20   cannot show anything more than the remote and abstract possibility of harm. As was the

21   case in *Decker Coal*, there is no evidence that "the existence of [the removal restriction]

22   alone tainted the ALJ's decision." *Decker Coal*, 8 F.4th at 1137. For the reasons stated

23   above, the Court declines to reverse or remand the prior rulings in this case and award

24   Vanhaitsma retroactive relief. Having determined that Vanhaitsma's separation of powers

25   argument does not entitle him to reversal or remand, the Court proceeds to consider

26   Vanhaitsma's substantive challenge to the ALJ's denial of disability benefits.

27   **B.      The ALJ's Step Two Finding is Supported by Substantial Evidence**

28          Vanhaitsma challenges the ALJ's step two finding that his medically determinable

1   impairments were not severe. (ECF No. 19 at 5-8.) The Commissioner argues that

2   substantial evidence supported the ALJ's step two findings. (ECF No. 20 at 6-11.)

3          Vanhaitsma bears the burden of showing "that he has a medically severe

4   impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5

5   (1987). Categories of evidence include objective medical evidence, medical opinions,

6   other medical evidence, evidence from nonmedical sources, and prior administrative

7   medical findings. *See* 20 C.F.R. §§ 404.1513, 1513. The mere existence of an impairment,

8   or even multiple impairments, does not establish severity. *See Verduzco v. Apfel*, 188 F.3d

9   1087, 1089 (9th Cir. 1999) ("Although the appellant clearly does suffer from diabetes, high

10  blood pressure, and arthritis, there is no evidence to support his claim that those

11  impairments are 'severe.'"). An impairment is "severe" if it significantly limits the ability to

12  perform basic work activities for at least a consecutive twelve-month period. *See* 20 C.F.R.

13  §§ 404.1520(a)(4)(ii), 404.1521 (an impairment is not severe "if it does not significantly

14  limit your physical or mental ability to do basic work activities"); SSR 96-3p. An ALJ may

15  find a medically determinable impairment or combination of impairments non-severe "only

16  if the evidence establishes a slight abnormality that has no more than a minimal effect on

17  an individual's ability to work." *Webb*, 433 F.3d at 686; SSR 85-28.

18         At step two, the ALJ found Vanhaitsma had the following medically determinable

19  impairments: diabetes mellitus, hypertension with a remote history of stent placement,

20  lumbago, and obesity. (AR 17.) However, the ALJ found Vanhaitsma did not have an

21  impairment or combination of impairments that significantly limited (or is expected to

22  significantly limit) the ability to perform basic work-related activities for 12-consecutive

23  months; therefore, the ALJ found that Vanhaitsma did not have a severe impairment or

24  combination of impairments. (AR 17-21.) In making this determination, the ALJ extensively

25  discussed Vanhaitsma's medical history and the functional limitations that were

26  considered in reaching his conclusion about the severity of physical impairments. (*Id.*)

27         In relation to back pain, the ALJ noted Vanhaitsma's lack of treatment for back pain,

28  noting that he did not report low back pain to his primary care provider in September 2018

1    or 2019, clinical examination revealed normal motor strength in his upper and lower

2    extremities, he exhibited normal range of motion and sensation at an emergency care visit

3    in March 2019, and normal motor function was evident in April and September 2019. (AR

4    19 (citing 1F, 3F/4, 12; 5F; 6F/1, 3).) The ALJ noted, however, that Vanhaitsma reported

5    lower back pain to consultative examiner Dr. Ramsey. (AR 19 (citing 2F).) Dr. Ramsey

6    noted that Vanhaitsma did not require the use of an assistive device, his gait was normal,

7    he could sit comfortably, rise form a seated position with "mild difficulty", mount/dismount

8    the examination table without apparent issue, had normal range of motion in his lower

9    back and extremities, and had normal grip and motor strength. (*Id.*) Finally, the ALJ noted

10   that treatment records did not document treatment or complaints related to lower back

11   pain. (AR 21 (citing 1F; 3F; 5F; 6F).)

12        Vanhaitsma argues the ALJ erred by saying no evidence supported Dr. Ramsey's

13   opinion of degenerative disc disease. (ECF No. 19 at 6-7.) However, the mere diagnosis

14   by Dr. Ramsey was insufficient to prove a severe impairment. *See Verduzco*, 188 F.3d at

15   1089 (noting that even though the claimant had certain impairments, "there is no evidence

16   to support his claim that those impairments are 'severe'"); *Matthews v. Shalala*, 10 F.3d

17   678, 681 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of

18   a disability").

19        As to obesity, the ALJ noted that there was evidence of obesity, but "no evidence

20   that obesity significantly affected the claimant's ability to perform basic work activity." (AR

21   20.)

22        The ALJ noted:

23   The weight of evidence suggests that the claimant's cardiovascular
     condition, diabetes, obesity, lumbago, do not significantly limit the claimant's
24   ability to perform work related activity. Notwithstanding his allegedly limited
     ability to lift and carry, clinical findings showed normal motor strength, and
25   grip strength (1F; 2F; 6F). Similarly, despite his allegedly limited ability to
     stand or walk, clinical findings included normal gait, motor strength, and
26   range of motion in his lower extremities.

27

28   (AR 20.)

Additionally, the ALJ discussed the opinions of Drs. Chahal and Wong who concluded Vanhaitsma did not have any severe impairments. (*Id.* (citing 2A; 4A).) Ultimately, the ALJ determined that Vanhaitsma's normal physical examinations, his lack of treatment for back pain, and his good control of other impairments with treatment meant he did not have any significant work-related limitations, and thus no severe impairments.

The ALJ reasonably relied on the evidence in the record and concluded that Vanhaitsma failed to meet his burden of showing that his impairments imposed more than minimal limitations in his ability to perform basic work activities. *See Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) ("a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations (internal citation and quotation omitted)).

For the reasons stated above, the Court finds that the ALJ's findings are supported by substantial evidence. "If the ALJ's finding is supported by substantial evidence, the court 'may not engage in second-guessing.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002)).

## V.    CONCLUSION

Having reviewed the Administrative Record as a whole and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds that the ALJ's decision was supported by substantial evidence.

Accordingly, **IT IS THEREFORE ORDERED** that Vanhaitsma's motion to remand (ECF No. 19) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 20) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: February 7, 2022          .

_____
**UNITED STATES MAGISTRATE JUDGE**